### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DONALD D. GADDIS, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | NO. 18-CV-01437 |
| | ) | |
| TOM STEARNS, LOGAN SPINKA, | ) | |
| CITY OF MARION, DAWN TONDINI, | ) | |
| DOROTHY  MCCOMBS, AND | ) | |
| BRENDA GRANT, | ) | |
| | ) | |
| **Defendants.** | ) | |

---

### PRELIMINARY STATEMENT

This is a civil rights action under 42 U.S.C. § 1983 of the United States Code

commenced by the Plaintiff, a resident of the City of Marion, Illinois, for the violation of his

United States Constitutional rights by the Defendants, Tom Stearns and Logan Spinka, the City

of Marion, Illinois, and Dorothy L. McCombs, and Brenda Grant. More specifically, suit is filed

for false arrest of the Plaintiff without probable cause to do so and the City of Marion's failure to

supervise its police officers.  The Plaintiff is seeking injunctive relief against the Chief of Police

of the City of Marion to restrain and enjoin her as  from any further efforts by the Marion Police

Department to arrest the Defendant based upon reports from Defendants McCombs and Grant.

In addition to injunctive relief this Complaint seeks declaratory relief, litigation costs and

expenses against all of the named Defendants as well as the City of Marion. The Plaintiff asserts

pendent state law malicious prosecution claims against Defendants McCombs and Grant.    The

Plaintiff seeks compensatory damages, punitive damages, attorney fees, and a trial by jury.

### JURISDICTION AND VENUE

1.   This Court has jurisdiction over this suit as to the  42 U.S.C. § 1983 claim pursuant to 28 U.S.C. § 1343, and, as to the state law malicious prosecution claims, jurisdiction is present under 28 U.S.C. § 1367 (supplemental jurisdiction).  Pursuant to 28 U.S.C. §§ 1331 and 1343, this Court has jurisdiction over Plaintiff's claims for injunctive relief and damages. Pursuant to 28 U.S.C. §§ 2201 and 2202, this Court has jurisdiction over Plaintiff's request for declaratory relief.  Pursuant to 42 U.S.C. § 1988, this Court has jurisdiction over Plaintiff's claims for costs and attorney fees.

2.   Venue lies pursuant to 28 U.S.C. §§ 1391(b)(1) and (2).

**THE PARTIES**

3.   The Plaintiff, Donald D. Gaddis ("Gaddis"), is an adult who resides in the City of Marion, Illinois.

4.   Based upon information sufficient to form a belief, Plaintiff alleges that Defendant, Tom Stearns is and was at all relevant times a police officer employed by the City of Marion, Illinois.  As to all events alleged in this Complaint, Tom Stearns, was acting under the color of law.   Defendant Tom Stearns is being sued in his individual and official capacities.

5.   Based upon information sufficient to form a belief, Plaintiff alleges that Defendant, Logan Spinka, is and was at all relevant times a police officer employed by the City of Marion, Illinois.  As to all events alleged in this Complaint, Logan Spinka, was acting under the color of law.  Defendant Logan Spinka is being sued in his individual and official capacities.

6. Defendant, City of Marion, is a municipal entity located in Williamson County, which employs or employed Defendants Tom Stearns and Logan Spinka through the Marion Police Department.  The City of Marion is a body politic incorporate and as such can sue and be sued.

7.   Defendant, Dawn Tondini, is and at all relevant times was the Chief of Police for the

City of Marion Chief of Police.   Defendant Tondini is being sued in her official capacity only.

8.    Both Defendants Brenda Grant and Dorothy McCombs are residents of Williamson County, Illinois.

9.    Plaintiff and Defendants Grant and McCombs live in the same neighborhood, with the Plaintiff living at 1009 N. Highland Street, Marion, Illinois, and with the Defendant Grant living at 1006 N. Highland Street, Marion, Illinois, and the Defendant McCombs living at 1009 North Highland Street, Marion, Illinois.

10.   Prior to July of 2017, McCombs developed a dislike for Plaintiff and there were issues between Plaintiff and McCombs pertaining to McCombs's feeding feral cats and the fact that a tree was growing on McCombs's property that posed a risk to damaging Plaintiff's house.

11.   Defendants Grant and McCombs are friends and Grant has intervened in the ongoing disputes between Plaintiff and McCombs on McCombs's behalf on several occasions.

12.   Subsequent to July of 2017, McCombs has filed petitions seeking two orders of protection against Plaintiff.

13.   In November of 2017, Grant had procured a temporary order of protection naming Plaintiff as the Respondent.

14.   McCombs helped to procure the order of protection that Grant filed which is described above.

15.   As June 29, 2018, all orders of protection that had been filed by McCombs and Grant had been dismissed.

16.   On or about the morning hours of June 29, 2018, McCombs and Grant initiated contact with the Marion Police Department.

17.   The Marion Police Department, by and through Tom Stearns and Logan Spinka,

responded to the McComb's and Grant's communications and upon arrival to the neighborhood where Plaintiff and McCombs and Granted live, Stearns and Spinka came upon the Plaintiff and restrained him while one of the officers interviewed the Defendants Grant and McCombs.

18.   As a result of the statement made to Tom Stearns and Logan Spinka by McCombs and Grant, Plaintiff was placed under arrest for the alleged crime of violating a no-contact no-stalking order.

19.    During the course of said interview with the Defendants McCombs and Grant, both Grant and McCombs told the officers that there was a no-contact no-stalking order in place and that the Plaintiff had acted in a manner that was in violation of the order.

20.   As direct and proximate cause of the statements to the Marion Police Officers Tom Stearns and Logan Spinka, the Plaintiff was placed under arrest and was taken to the Marion Police Department for processing.

21.   Plaintiff was incarcerated for approximately three hours at the Williamson County Jail.

22.   Plaintiff was released later than morning when it was determined that a no-contact no-stalking order was not in place.

**COUNT I**
**FALSE ARREST**
**42 U.S.C. § 1983**
**FILED AGAINST DEFENDANTS**
**SPINKA AND STEARNS**

Now Comes the Plaintiff, and for Count I of his Complaint against the Defendants, Tom Stearns and Logan Spinka, he says:

23.   He incorporates herein as if fully stated herein the allegations set forth in paragraph 1 through 22 of the Complaint.

24. At the time that the Defendants Tom Stearns and Logan Spinka arrested Plaintiff they knew that they lacked probable cause to arrest Plaintiff in that the claims of McCombs and Grant could have been easily verified by an electronic search of any and all legal proceedings pending against Plaintiff.

25. Based upon information sufficient to form a belief, Tom Stearns and Logan Spinka knew that McCombs and Grant harbored a bias against Plaintiff and nevertheless arrested Plaintiff even though Tom Stearns and Logan Spinka could have verified that McCombs's and Grant's claims as to the existence of a no-contact no-stalking order were untrue.

26. As a direct, proximate, and substantial result of the actions of the Defendants Tom Stearns and Logan Spinka, the Plaintiff was illegally arrested and incarcerated.

27. Said arrest and incarceration was conducted in violation of the 14th Amendment to the United States Constitution.

28. As a further direct, proximate and substantial result of the Defendants' actions, Plaintiff was caused to suffer mental and emotional distress, anxiety, anguish, embarrassment, and humiliation.

WHEREFORE, Plaintiff prays for damages against the Defendants Tom Stearns and Logan Spinka, jointly and severally, as follows:

A) Damages for emotional distress as determined by this Court but in no event less than $25,000.00;

B) Punitive damages as determined by this Court but in no event less than $150,000.00.

C) For his reasonable attorney fees.

D) For such other relief as this Court deems to be just.

Plaintiff demands a jury trial.

Date: <u>July 24, 2018</u>                                         SS// Darrell Dunham
                                                                 Darrell Dunham
                                                                 Darrell Dunham & Associates
                                                                 Attorneys at Law
                                                                 308 West Walnut Street
                                                                 Carbondale, IL 62901
                                                                 618-549-9800
                                                                 Fax: 618-549-9805

## COUNT II
### 42 U.S.C. §1983,
### *Monell* Claim Against City of Marion

Now Comes the Plaintiff, and for Count II of his Complaint against the Defendant, City

of Marion, he says:

29.   He incorporates herein as if fully stated herein the allegations set forth in paragraph

1 through 22 of the Complaint.

30. The constitutional violations detailed above were caused in part by the customs,

policies, and/or practices of the Marion Police Department. Specifically, the Marion Police

Department's failure to adequately train, supervise, and control its police officers, constitutes

deliberate indifference, and thereby encourages the misconduct as described above.

31. The Marion Police Department's policy and practice to inadequately punish and

discipline prior instances of similar misconduct, including false arrests and unlawful searches of

individuals' property, encourages future abuse by police officers, such as the misconduct

described above.

32. The City of Marion has failed to act to remedy above described abuses, despite

actual knowledge of said abuses, thus encouraging the type of misconduct and resulting injuries

described above.

33. As a direct and proximate result of the above conduct, Plaintiff was illegally arrested and incarcerated.

WHEREFORE, Plaintiff prays for damages against the City of Marion, as follows:

A)      Damages for emotional distress as determined by this Court but in no event less than $100,000.00;

B)      Punitive damages as determined by this Court but in no event less than $500,000.00.

C)      For his reasonable attorney fees.

D)      For such other relief as this Court deems to be just.

Plaintiff demands a jury trial.

Date: July 24, 2018

                                                    SS// Darrell Dunham
                                                    Darrell Dunham
                                                    Darrell Dunham & Associates
                                                    Attorneys at Law
                                                    308 West Walnut Street
                                                    Carbondale, IL 62901
                                                    618-549-9800
                                                    Fax: 618-549-9805

**COUNT III**
**MALICIOUS PROSECUTION**
**FILED AGAINST DEFENDANTS BRENDA GRANT**
**AND DOROTHY L. MCCOMBS**

Now Comes the Plaintiff, Donald D. Gaddis, by and through his Attorney, Darrell Dunham, and for Count III of his Complaint against the Defendants, Brenda Grant and Dorothy L. McCombs, says:

34.  He incorporates herein as if fully stated herein the allegations set forth in paragraph 1 through 22 of the Complaint.

35.  Tom Stearns and Logan Spinka interviewed Defendants Grant and McCombs during the morning hours of June 29, 2018.

36.   During the course of said interview with the Defendants McCombs and Grant, both Defendants told the officers that there was a no contact-no stalking order in place and that the Plaintiff had acted in a manner that was in violation of the order.

37.  There wasn't any no contact no stalking order in place.

38.  The Defendants McCombs and Grant knew that there was not any no contact no stalking order in place.

39.  Despite their knowledge that there was no such order in place the Defendants told the Marion Police Officers, Tom Stearns and Logan Spinka, that there was an order in place.

40.  As direct and proximate cause of the Defendants' statements to Tom Stearns and Logan Spinka, the Plaintiff was placed under arrest and taken to the Williamson County Jail.

41.  Plaintiff was incarcerated for approximately three hours at the Williamson County Jail.

42.  Plaintiff was released later in the day of June 29, 2018, when it was verified that the statements made by the Grant and McCombs that a no contact no stalking order was in place were false statements.

43.  Defendant's actions were malicious and made with the intent to harm Plaintiff for the purpose of gaining leverage on Plaintiff with regard to on-going disputes and to embarrass him in the City of Marion, Illinois.

44.  Plaintiff was damaged as a result of the initiation of criminal proceedings against him, in that:

A)      He was deprived of his liberty;

B)      He was taken to a facility of detention and detained;

C)      He suffered a loss of reputation;

D)      He sustained and continues to experience emotional distress which manifested itself in numerous ways, including but not limited to anxiety and depression;

WHEREFORE, Plaintiff prays for judgment as follows:

A)      Compensatory damages as determined by this Court but in no event less than $75,000.00;

B)      Punitive damages to be determined by this Court but in no event less than $150,000.00;

C)      For his costs of suit and for such other relief as this court deems to be just.

Plaintiff demands a jury trial.

Date: July 24, 2018                                    SS// Darrell Dunham
                                                       Darrell Dunham
                                                       Darrell Dunham & Associates
                                                       Attorneys at Law
                                                       308 West Walnut Street
                                                       Carbondale, IL 62901
                                                       618-549-9800
                                                       Fax: 618-549-9805

**COUNT IV**
**INJUNCTIVE RELIEF**
**DEFENDANT DAWN TONDINI**
**SEEKING RELIEF PURSUANT TO 28 U.S.C. §§ 2201 and 2202, AND FOR COSTS AND ATTORNEY FEES PURSUANT TO 42 U.S.C. § 1988**

Now Comes the Plaintiff, and for Count IV of his Complaint against the Defendant, Dawn Tondini, he says:

45.   He incorporates herein as if fully stated herein the allegations set forth in paragraph 1 through 22 of the Complaint.

46. The constitutional violations detailed above were caused in part by the customs, policies, and/or practices of the Marion Police Department. Specifically, the Marion Police Department's failure to adequately train, supervise, and control its police officers, constitutes deliberate indifference, and thereby encourages the misconduct as described above.

47. The Marion Police Department's policy and practice to inadequately punish and discipline prior instances of similar misconduct, including false arrests and unlawful searches of individuals' property, encourages future abuse by police officers, such as the misconduct described above.

48. The City of Marion has failed to act to remedy above described abuses, despite actual knowledge of said abuses, thus encouraging the type of misconduct and resulting injuries described above.

49. By its conduct in this case and in prior cases the City of Marion has determined that in an all cases that any statements made to it by Defendants McCombs and Grant are true and any conflicting statements made to it by Plaintiff are untrue regardless of the underlying facts and/or supporting facts.

50. The Defendants McCombs and Grant have established a pattern and practice of calling the City of Marion Police with the expectation that the Marion Police will intervene on their behalf and place Plaintiff under arrest whenever they are dissatisfied with the Plaintiff's conduct.

51. As direct and proximate result, Plaintiff has been questioned, investigated, and arrested on numerous prior occasions thereby subjecting him to unwarranted and illegal interventions by the City of Marion Police.

52. It is likely that Plaintiff will prevail in his claims against the City of Marion and its

officers.

53.   Defendant Dawn Tondini is the Chief of Police of the City of Marion and as such has supervisory control of all Marion Police Officer, including, but not limited to, Defendants Spinka and Stearns.

54.   Unless Plaintiff is given equitable relief, it is likely that the pattern and practice of the Defendants McCombs, Grant, and the City of Marion Police Department will continue with the Plaintiff being deprived of his constitutional rights.

WHEREFORE, Plaintiff seeks the following relief:

A)   Entry of a temporary restraining order prohibiting the City of Marion Police Department from arresting Plaintiff based solely and/or primarily on the statements of McCombs and/or Grant;

B)   Entry of a preliminary injunction prohibiting the City of Marion Police Department from arresting Plaintiff based solely and/or primarily on the statements of McCombs and/or Grant;

C)   Entry of a permanent injunction prohibiting the City of Marion Police Department from arresting Plaintiff based solely and/or primarily on the statements of McCombs and/or Grant;

D)   For his costs of suit and reasonable attorney fees.

E)   For such other relief as this Court deems to be just.

Date: <u>July 24, 2018</u>                    <u>SS// Darrell Dunham</u>
                                        Darrell Dunham
                                        Darrell Dunham & Associates
                                        Attorneys at Law
                                        308 West Walnut Street
                                        Carbondale, IL 62901
                                        618-549-9800
                                        Fax: 618-549-9805