# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DONALD GADDIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 18-CV-1437-SMY-GCS** |
| | ) | |
| **TOM STEARNS, LOGAN SPINKA, CITY** | ) | |
| **OF MARION, DAWN TONDINI,** | ) | |
| **DOROTHY MCCOMBS, and BRENDA** | ) | |
| **GRANT,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

Pursuant to 42 U.S.C. § 1983, Plaintiff Donald Gaddis claims his civil rights were violated when he was falsely arrested by police officers employed by the City of Marion, Illinois (Doc. 1). Now before the Court are Defendants Stearns, Spinka, City of Marion, and Dawn Tondini's Motion to Dismiss and Strike Counts I, II, and IV pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(f) (Doc. 23) and Gaddis' Motion for Preliminary Injunction (Doc. 21). For the following reasons, the Motion to Dismiss and Strike is **GRANTED in part and DENIED in part** and the Motion for Preliminary Injunction is **DENIED**.

## Background

According to the Amended Complaint (Doc. 20), Gaddis, McCombs, and Grant are neighbors living on the same street in Marion, Illinois. The neighbors are involved in ongoing disputes that began prior to July 2017 and resulted in McCombs seeking two orders of protection against Gaddis.[1] One such order was temporarily granted in November 2017. All orders of

---

[1] Gaddis' affidavit attached to his Motion for Preliminary injunction outlines in detail his interactions with his neighbors, which began with a dispute as to feral cats and a pine tree, and his encounters with City of Marion police

protection were dismissed as of June 29, 2018.  On that date, McCombs and Grant contacted the Marion Police Department and told them that Gaddis had violated a protective order.  The responding officers, Tom Stearns and Logan Spinka, arrested Gaddis, and he was detained at the Williamson County Jail.  He was released within 3 hours when it was determined that no protective order was in effect at the time of his arrest.

In Count 1 of the Amended Complaint, Gaddis alleges that he was falsely arrested by Spinka and Stearns as they could have easily ascertained whether a protective order was in place prior to his arrest.  He also alleges they knew they did not have probable cause and knew that McCombs and Grant were biased against him.  In Count II, Gaddis asserts a *Monell v. Dep't of Soc. Serv. Of City of New York*, 436 U.S. 658 (1978) claim against the City of Marion, asserting it has a policy and practice of failing to adequately train, supervise, and control its police officers.  Count III is a false arrest claim against Grant and McCombs.[2]  In Count IV, Gaddis seeks injunctive relief to prevent City of Marion police officers from arresting him based on statements made by McCombs and/or Grant.  Defendants Stearns, Spinka, City of Marion, and Dawn Tondini (the City of Marion's Chief of Police) seek dismissal of Counts I, II, IV, and seek to strike the prayer for punitive damages in Count II and the "official capacity" claims against Defendants Stearns and Spinka.

### Discussion

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a Complaint must "state a claim to relief that is plausible on its face."  *Lodholtz v. York Risk Servs. Group, Inc.*, 778 F.3d 635, 639 (7th Cir. 2015) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

---

officers, and his arrest/conviction record.  The details of Gaddis' disputes with his neighbors and the particulars of his legal issues are not relevant to the pending motions.

[2] These defendants have not filed a motion to dismiss and have answered the Amended Complaint (Doc. 25).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court must also draw all reasonable inferences and facts in favor of the plaintiff. *See Vesely v. Armslist LLC*, 762 F.3d 661, 664 (7th Cir. 2014).

Defendants first argue that Gaddis fails to state a false arrest claim. In order to state such a claim under the Fourth Amendment, Gaddis must adequately allege that he was arrested without probable cause. *Hurt v. Wise*, 880 F.3d 831, 841 (7th Cir. 2018). "A police officer has probable cause to arrest when, at the moment the decision is made, the facts and circumstances within his knowledge, and of which he has reasonably trustworthy information would warrant a prudent person in believing that suspect has committed or was committing an offense." *Fleming v. Livingston Cty.*, 674 F.3d 874, 878-9 (7th Cir. 2012) (quoting *Qian v. Kautz*, 168 F.3d 949, 953 (7th Cir. 1999)). Gaddis alleges the officers did not have probable cause and knew that his neighbors were biased against him. This is sufficient to state a viable Fourth Amendment false arrest claim. *See Askew v. City of Chicago*, 440 F.3d 894, 895 (7th Cir. 2006) (holding that while the police may arrest when a witness provides probable cause, that principle can be limited when the police know that the witness has a grudge against the accused).

Defendants next argue that Gaddis' *Monell* claim must be dismissed because he failed to allege a sufficient pattern of misconduct. Gaddis alleges that the City of Marion fails to train, supervise, and control its police officers. Municipalities can be held liable pursuant to § 1983 if they have an official policy and/or unofficial customs that cause constitutional violations. *Monell*, 436 U.S. at 690-1. "[T]he inadequacy of police training may serve as the basis of § 1983 liability

only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact."  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989). Gaddis' allegations are sufficient to state a *Monell* claim against the City of Marion at the pleading stage.

Defendants further contend that Gaddis is not entitled to the injunctive relief he seeks in Count IV. Gaddis seeks prospective injunctive relief in order to prevent his arrest based on the statements of his neighbors.  Defendants argue Gaddis lacks standing to seek injunctive relief, that he has an adequate remedy at law, and that he fails to state a claim for injunctive relief.  The Court agrees that Gaddis lacks standing because he alleges only an abstract and speculative injury – that at some future date his neighbors will call the police or institute some judicial proceedings and that he will be arrested and thereby injured.  *See City of Los Angeles v. Lyons*, 461 U.S. 95, 101-102 (1983).  His injury is not real and immediate but conjectural and hypothetical.  *Id.*; *see also O'Shea v. Littleton*, 414 U.S. 488 (1975); *Capehart v. Terrell*, 695 F.3d 681, 684 (7th Cir. 2012).  As such, he has no standing to seek injunctive relief.  Accordingly, the Motion for Preliminary Injunction must be **DENIED** and Count IV will be **DISMISSED with prejudice**. [3]

Finally, Defendants argue Gaddis may not seek punitive damages in Count II and that his "official capacity" claims against Stearns and Spinka in Count I are not consistent with § 1983 liability.  Gaddis may not seek punitive damages against the City of Marion.  *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) ("we find that considerations of history and policy do not support exposing a municipality to punitive damages for the bad-faith actions of its officials" pursuant to § 1983); *Swanigan v. City of Chicago*, 775 F.3d 953, 961 n.5 (7th Cir. 2015).

---

[3] Even if Gaddis had standing, he has an adequate remedy at law to resolve any potential future violations of his Constitutional rights by filing an action pursuant to § 1983.  *See Daniels v. Southfort*, 6 F.3d 482, 485-6 (7th Cir. 1993);

His official capacity claims against the police officers are essentially a suit against their employer, the City of Marion.  Such official capacity claims are redundant to the *Monell* claim against the city in Count II and there is no *respondeat superior* liability in § 1983 litigation.  *Rossi v. City of Chicago*, 790 F.3d 729, 737 (7th Cir. 2015).

Federal Rule of Civil Procedure 12(f) permits the Court to strike any "redundant, immaterial, impertinent, or scandalous matter."  Accordingly, Gaddis' prayer for punitive damages in Count II and his official capacity claims against Spinka and Stearns are **STRICKEN**.

### Conclusion

For the foregoing reasons, Defendants Stearns, Spinka, City of Marion, and Tondini's Motion to Dismiss and Strike Counts I, II, and IV pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(f) (Doc. 23) is **GRANTED in part and DENIED in part** and Gaddis' Motion for Preliminary Injunction (Doc. 21) is **DENIED**.  Count IV of the Amended Complaint is **DISMISSED with prejudice**, Defendant Dawn Tondini is **DISMISSED**, the prayer for punitive damages in Count II is **STRICKEN**, and the official capacity claims against Defendants Stearns and Spinka are **STRICKEN**.

This case shall proceed on Count I against Stearns and Spinka (individually), Count II against the City of Marion, and Count III against McCombs and Grant.

**IT IS SO ORDERED.**

**DATED:  September 27, 2019**

**STACI M. YANDLE**
**United States District Judge**