# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD GADDIS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 18-CV-1437-SMY ) |
| TOM STEARNS, LOGAN SPINKA, CITY OF MARION, DOROTHY MCCOMBS, and BRENDA GRANT, | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Now pending before the Court are Plaintiff Donald Gaddis' Motion to Consolidate Cases (Doc. 57), Defendants City of Marion, Logan Spinka, Tom Stearns, and Dawn Tondini's Motion for Summary Judgment (Doc. 59), Defendants Brenda Grant and Dorothy McCombs' Motion for Summary Judgment (Doc. 71), and Defendants' Motion to Continue (Doc. 85). For the following reasons, the Motion to Consolidate and Motion to Continue are **MOOT**, Defendants City of Marion, Stearns, Spinka, and Tondini's Motions for Summary Judgment is **GRANTED in part and MOOT in part**, and Defendants McCombs and Grant's Motion for Summary Judgment is **GRANTED**.

### Procedural Background

Pursuant to 42 U.S.C. § 1983, Plaintiff Donald Gaddis claims that his civil rights were violated when he was falsely arrested on June 29, 2018 by City of Marion police officers Logan Spinka and Tom Stearns after long-standing disputes with his neighbors, Dorothy McCombs and Brenda Grant (Doc. 20). His Amended Complaint asserts false arrest claims against the individual Defendants (Counts I and III) and a *Monell v. Dep't of Soc. Serv. Of City of New York*, 436 U.S.

658 (1978), claim against the City of Marion (Count II). Defendant Tondini was dismissed from the case with prejudice on September 27, 2019 (Doc. 73).

Each of the remaining Defendants have filed motions seeking summary judgment (Docs. 59 and 71). Gaddis has only responded to the Motion filed by the City of Marion, Spinka, and Stearns (Doc. 69) and asserts that he sought dismissal of Spinka and Grant in Motions to Dismiss (Docs. 65 and 66). Those Motions were denied without prejudice on October 15, 2019 (Doc. 75). Pursuant to Local Rule 7.1, this Court construes Gaddis's failure to respond to Grant and McCombs' Motion for Summary Judgment as an admission of the merits of that motion.

**Factual Background**

The following material facts are undisputed: on June 29, 2018, Grant called the Marion Police Department to complain about Gaddis screaming at her, McCombs, Vicky Fisher, and Robert Meyer, who were talking together in front of her house (Doc. 60-6, p. 18). According to Grant, Gaddis was sitting in his parked car on the street at the edge of Grant's property and yelling that the group were liars and that he would see them in court (*Id*. 16).[1] Within a few minutes, Officer Stearns arrived at the scene and began interviewing the group (*Id*. 19).

McCombs told Stearns that Gaddis had driven up to within 5-8 feet of where they were standing and told them that they would "settle this in court" (Doc. 60-3, p. 8). She told Stearns that she was "scared that he might harm her" based on obscene gestures he had made in the past and prior harassment (*Id*.). Grant, Fisher, and Meyer then told him that McCombs' recollection of the event was accurate (*Id*. 9), that Grant and Fisher likewise were afraid of Gaddis, and that Gaddis

---

[1] While the actual circumstances of the interaction between Gaddis and the group are not material, Gaddis testified that he drove by the group and, believing that they were talking about him, told them that if they wanted to have a meeting with him he will see them in court. (Doc. 60-2, p. 7). He then pulled into his driveway, exited his car and told Grant "there is no excuse for you." (*Id*.). After that he went into his house and then back to his car before he was stopped by Spinka. (*Id*. 12).

routinely harassed them (Doc. 60-7, p. 2). As Stearns was interviewing McCombs, Gaddis drove up to them and told Stearns that he was speaking to a bunch of liars (Doc. 60-7, p. 3). Stearns then contacted the dispatch officer who told him there was a valid order of protection for McCombs against Gaddis[2] and an expired order of protection for Grant and against Gaddis (Doc. 60-3, p. 11; Doc. 60-7, p. 3).[3]

When Gaddis began to drive down the street, Stearns told Officer Spinka, who had also arrived at the scene, to stop him (Doc. 60-4, p. 4). Spinka detained Gaddis while Stearns finished his interviews of Grant, McCombs, Fisher, and Meyer (*Id.*). Stearns verified the order of protection through the dispatch officer after Gaddis had been stopped by Spinka (*Id.* 12). Stearns then arrested Gaddis for violating the order of protection (*Id.* 7). After his arrest, Gaddis told Stearns at least twice that the order of protection had expired but Stearns did not believe him (*Id.* 15).

Stearns found out that the order of protection was not valid in the afternoon of June 29, 2018, after he had already arrested and processed Gaddis (*Id.* 14). Gaddis was released within a few hours of being jailed. Stearns did not know McCombs, Grant or Gaddis prior to June 29, 2018 but had heard that Gaddis went to another officer's house to dispute an arrest (Doc. 60-3, p. 5).

## Discussion

Summary judgment is proper only if the moving party can demonstrate that there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). The moving party is entitled to summary judgment where the non-moving party

---

[2] The order of protection prohibited Gaddis from harassing, stalking, or interfering with McCombs' personal liberty and included a 25 foot no contact provision (Doc. 60-9, p. 30-31).

[3] When an officer calls a dispatch officer to acquire information on an individual, the dispatch officer queries the Illinois Law Enforcement Agencies Data System ("LEADS") to see if there are outstanding orders of protection, warrants, sex offender information, etc. (Doc. 60-8, pp. 1-2). LEADS informs the operator whether there are "active" or "inactive" orders of protection (*Id.*). There is no evidence that the information contained in the LEADS program is unreliable.

"has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex,* 477 U.S. at 323. If the evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50 (1986). Any doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Lawrence v. Kenosha County,* 391 F.3d 837, 841 (7th Cir. 2004).

In order to prevail on a Fourth Amendment claim for false arrest, a plaintiff must show that he was arrested without probable cause. *Hurt v. Wise*, 880 F.3d 831, 841 (7th Cir. 2018). "A police officer has probable cause to arrest when, at the moment the decision is made, the facts and circumstances within his knowledge, and of which he has reasonably trustworthy information would warrant a prudent person in believing that suspect has committed or was committing an offense." *Fleming v. Livingston Cty*., 674 F.3d 874, 878-9 (7th Cir. 2012) (*quoting Qian v. Kautz*, 168 F.3d 949, 953 (7th Cir. 1999)). The officer's belief need not "be correct or even more likely true than false, so long as it is reasonable." *Fleming*, 674 F.3d at 879 (*quoting Qian*, 168 F.3d at 953). Probable cause for an arrest is an absolute defense to such a claim. *Hurt*, 880 F.3d at 841. The existence of probable cause is a question of law to be answered by the Court. *Beck v. State of Ohio*, 379 U.S. 89, 96 (1964).

The undisputed evidence reveals that prior to arresting Gaddis, Stearns had information that he was harassing McCombs within 25 feet and that there was an active order of protection against such proximity and harassment. Under Illinois law, an officer may verify the existence of an order of protection by radio communication and may arrest a person without a warrant if they violate an order of protection even if the violation did not occur in the officer's presence. 725 Ill. Comp. Stat. §5/112A-26. Therefore, Stearns had probable cause to arrest Gaddis and his false

arrest claim fails as a matter of law.

Gaddis nevertheless argues that Stearns should have done more to establish that there was a valid order of protection or should have believed his statements that no such valid order was in force. However, "[p]olice need not conduct an investigation but may arrest and let prosecutors and courts determine who is telling the truth." *Askew v. City of Chicago*, 440 F.3d 894, 895 (7th Cir. 2006). Moreover, a finding of probable cause does not require that the alleged facts amount to proof of Gaddis' guilt but rather that the facts are sufficient to support the Stearns' suspicion that he committed the crime. *See Woods v. City of Chi.*, 234 F.3d 979, 996 (7th Cir.2000). The only information Stearns had was that there was an active order of protection and that Gaddis had violated that order. Gaddis concedes that the claims against Spinka should be dismissed. Accordingly, Defendants Stearns and Spinka are entitled to summary judgment on Count I.

Gaddis' *Monell* claim must also be dismissed. Municipalities can be held liable pursuant to § 1983 if they have an official policy and/or unofficial customs that cause constitutional violations. *Id*. 436 U.S. at 690-1. But absent an underlying constitutional claim against the police officers involved, Gaddis may not proceed on his *Monell* claim. *Treece v. Hochstetler*, 213 F.3d 360, 364 (7th Cir. 2000). Gaddis failed to respond to Defendants' argument regarding the lack evidence of any policy or practice that led to any constitutional violation and the Court finds no such evidence in the record. Accordingly, Defendant City of Marion is entitled to summary judgment on Count II.

Defendants McCombs and Grant argue that they cannot be held liable for false arrest. "In Illinois cases holding a private party guilty of false imprisonment, the defendant has either directed an officer to arrest the plaintiff or has procured the arrest by giving information which was the sole basis for the arrest." *Odorizzi v. A.O. Smith Corp.*, 452 F.2d 229 (7th Cir. 1971). There is no

evidence that either McCombs or Grant directed Stearns to arrest Gaddis nor is there evidence that the information they provided was the sole basis for the arrest. *See Carey v. KWay, Inc.*, 728 N.E.2d 743, 748 (Ill. App. Ct. 2000). There is also no evidence that the information provided to Stearns was false or that they participated in the arrest. *Butler v. Goldblatt Bros., Inc.*, 432 F.Supp. 1122, 1129 (N.D. Ill. 1977); *Geisberger v. Vella*, 379 N.E.32d 957, 949 (Ill App. Ct. 1978). Instead, the evidence reveals that after talking to McCombs, Grant, Fisher and Meyer and learning that Gaddis was harassing them, Stearns was told by the dispatch officer that there was an active order of protection against such conduct. Stearns relied on that information to arrest Gaddis. Thus, Defendants McCombs and Grant are entitled to summary judgment on Count III.

*Qualified Immunity*

Defendants Stearns and Spinka are also entitled to qualified immunity. Qualified immunity shields government officials performing discretionary functions from civil litigation. *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). When determining whether a public official is entitled to qualified immunity in a § 1983 action, courts undertake a two-prong inquiry. *Tolan v. Cotton*, 572 U.S. 650, 656 (2014); *Borello v. Allison*, 446 F.3d 742, 746 (7th Cir. 2006). The first prong raises the question as to whether the facts show the violation of a constitutional right (here, the Fourth Amendment). *Id.* The second prong asks whether a plaintiff's constitutional rights were clearly established at the time of the officers' actions. *Id*. In this case, qualified immunity "protects police officers who act in ways they reasonably believe to be lawful." *Wheeler v. Lawson*, 539 F.3d 629, 639 (7th Cir. 2008).

A right is clearly established if a "court has upheld the purported right in a case factually similar to the one under review, or that the alleged misconduct constituted an obvious violation of a constitutional right." *Wernsing,* 423 F.3d at 742. As the Supreme Court has explained, "[t]his

is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent." *Hope,* 536 U.S. at 739. (citations omitted).

In the context of false arrest "[t]he existence of arguable probable cause for [the arrest] is enough to bar liability for false arrest under § 1983." *McComas v. Brickley*, 673 F.3d 722, 725 (7th Cir. 2012). "Arguable probable cause exists when a reasonable officer could *mistakenly* have believed that he had probable case to make the arrest." *Id*.

Here, the evidence establishes that Stearns mistakenly but reasonably believed there was a valid order of protection against Gaddis and that he had violated that order by harassing McCombs. As such, Stearns had probable cause to arrest Gaddis. Gaddis does not address qualified immunity and has not met his burden of demonstrating that Stearns' actions were so egregious that no reasonable person would believe that he did not violate a clearly established right. *Smith v. City of Chicago*, 242 F.3d 737, 742 (7th Cir. 2001). Accordingly, Stearns is entitled to qualified immunity. As there is no evidence the Spinka violated a constitutional right, he is also entitled to qualified immunity.

In light of the above findings and conclusions, Plaintiff's Motion to Consolidate (Doc. 57) and Defendants' Motion to Continue (Doc. 81) are **MOOT**.

## Conclusion

For the foregoing reasons, Plaintiff's Motion to Consolidate Cases (Doc. 57) is **DENIED as MOOT**, Defendants City of Marion, Spinka, Stearns, and Tondini's Motion for Summary Judgment (Doc. 59) is **GRANTED in part and DENIED in part as MOOT**, Defendants Brenda Grant and Dorothy McCombs' Motion for Summary Judgment (Doc. 71) is **GRANTED**, and Defendants' Motion to Continue (Doc. 85) is **DENIED as MOOT**. Judgment is **GRANTED** in

favor of Stearns, Spinka, City of Marion, McCombs, and Grant and against Gaddis. The Clerk of Court is **DIRECTED** to enter judgment accordingly and to close the case.

**IT IS SO ORDERED.**

**DATED: January 27, 2020**

**STACI M. YANDLE**
**United States District Judge**